# EXHIBIT 8

TO SETTLEMENT AGREEMENT:
DECLARATION OF THE SETTLEMENT ADMINISTRATOR

CASE NO. 1:14-CV-14744-DWP

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATT DIFRANCESCO, ANGELA MIZZONI, and LYNN MARRAPODI, individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>UTZ QUALITY FOODS, INC.<br><br>      Defendant. | Case No. 1:14-CV-14744-DPW<br><br>**DECLARATION OF STEVEN WEISBROT, ESQ. ON ADEQUACY OF NOTICE PROGRAM** |

## **DECLARATION OF STEVEN WEISBROT, ESQ.**

I, STEVEN WEISBROT, ESQ., of full age, hereby declares under penalty of perjury as follows:

1. I am Executive Vice President of Notice & Strategy at the class action notice and Settlement Administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2. I have been responsible in whole or in part for the design and implementation of more than one hundred class action administration plans and have taught numerous Accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Class Action Notice Programs, as well as Class Action Claims Administration, generally. Additionally, I am the author of frequent articles on Class Action Notice, Digital Media, Class Action Claims Administration and Notice Design in publications such as *Bloomberg, BNA Class Action Litigation Report*, Law360, the ABA Class Action and Derivative Section Newsletter and private law firm publications.

3.     Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants ("KCC"), a nationally recognized class action notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice and I am currently an attorney in good standing in the State of New Jersey and the Commonwealth of Pennsylvania.

4.     My notice work comprises a wide range of class actions that includes product defect, false advertising, employment, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases. Likewise, I have been instrumental in infusing digital and social media, as well as big data and advanced targeting into class action notice programs. For example, the Honorable Sarah Vance stated in her December 31, 2014 Order in *In Re: Pool Products Distribution Market Antitrust Litigation MDL* **No. 2328 (E.D. La.):**

*To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web-based forms of communication in the plan….The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process.*

*The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement.*

Moreover, I am the only notice expert in the country who has fulfilled the professional certification program offered by the Interactive Advertising Bureau (IAB) in Digital Media Sales. The IAB certification program is accredited by the American National Standard Institute (ANSI) and is the only globally recognized, accredited, professional certification program created specifically for digital media sales professionals.

As detailed below, courts have repeatedly recognized my work in the design of class action notice programs:

(a)     For example, on May 12, 2016 in his Order granting preliminary approval of the settlement in ***In Re Whirlpool Corp. Front Loading Washer Products Liability Litigation (MDL No. 2001) (N.D. Ohio),*** The Honorable Christopher A. Boyko stated:

2

*The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.*

(b)  ***Sateriale, et al. v R.J. Reynolds Tobacco Co.,*** **Case No.  CV 09 08394 CAS (C.D. Cal.)**

Honorable Christina A. Snyder (May 3, 2016)  *The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.*

(c)  ***Ferrera et al. v. Snyder's-Lance, Inc.*, Case No. 0:13-cv-62496 (S.D. Fla.)**

Honorable Joan A. Lenard *(*February 12, 2016) *The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Settlement Agreement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.*

5. Angeion Group is a class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $10 billion to class members. The executive profiles as well as the company overview are available at http://www.angeiongroup.com/meet_the_team.htm.

6. This declaration will describe the notice program that we suggest using in this matter, including the considerations that informed the development of the plan and why it will provide Due Process of Law to the Class.

7. I have reviewed the Settlement Agreement and its exhibits and am familiar with the terms and conditions therein.

## SUMMARY OF NOTICE PROGRAM

8. The suggested notice program utilizes state-of-the-art targeted internet banner ad notice to deliver notice to the Class. *See* **Exhibit A** to this declaration for the proposed banner ads.

9. The notice program is designed to deliver an approximate 80% reach with an average frequency of 3.0 times each.

## CLASS DEFINITION

10. The "Settlement Class" means all persons who, during the Class Period, purchased in the United States any of the Eligible Products. Excluded from the Class are: (a) Utz's board members or executive-level officers; (b) persons who purchased the Eligible Products primarily for the purpose of resale, including, but not limited to, retailers or re-sellers of the Eligible Products; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided in this Agreement; and (e) the Court, the Court's immediate family, and Court staff.

## MEDIA NOTICE TARGET AUDIENCE

11. In order to develop the media plan for the notice program, the Settlement Class was profiled using GfK MRI 2015 Doublebase data[1]. Gfk MRI data is used by advertising agencies and other communications professionals to understand the socio-economic characteristics, interests and practices of a target group and aids in the proper selection of media to reach that

---

[1] GfK MRI is a leading supplier of publication readership and product usage data for the communications industry. GfK MRI offers complete demographic, lifestyle, product usage and exposure to all forms of advertising media. As the leading U.S. source of multimedia audience research, GfK MRI provides information to magazines, television and radio networks and stations, internet sites, other media, leading national advertisers, and over 450 advertising agencies – including 90 of the top 100 in the U.S. MRI's national syndicated data is widely used by companies as the basis for the majority of the media and marketing plans that are written for advertised brands in the U.S.

target. It is also instrumental in allowing the Court to review the estimated net reach and average frequency of a particular program and is precisely the type of "accepted methodology" that the Checklist cautions should be used in class action notice programs. Here, the following Utz products are a measured entity in MRI: Utz Potato Chips, Utz Tortilla Chips, Utz Pretzels and Bachman Pretzels.

12.     Utilizing syndicated data like MRI aids in understanding the socio-economic characteristics, interests and practices of a target group which guides the proper selection of media to reach that target. Here, the target audience has the following characteristics:

- Ages 35-64 with an average age of 47
- Just over half are married (55.8%)
- 43.3% have a child/children under the age of 17 living in the household
- 50.6% have a household income over $75K
    - Average household income is $90,683
- 63.2% are employed, with most working full time (51.2%)
- The vast majority (77.9%) live in the following states: Maine, New Hampshire, Vermont, Connecticut, Rhode Island, Massachusetts, New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, West Virginia, North Carolina, and South Carolina

13.     To identify the best vehicles to deliver messaging to the target audience, Angeion also reviewed the media quintiles, which measure the degree to which an audience uses media relative to the general population. Here it shows our target audience spend a heavy amount of time (17 hours per week) on the internet compared to the general population.

14.     In light of this data, Angeion recommends utilizing internet banner advertisements to reach the target audience, which will effectively generate the reach required to notify potential members of the Settlement Class of their rights and options in the Settlement.

## **INTERNET BANNER NOTICE**

15.     The notice program utilizes a programmatic approach to purchasing internet media advertisements to target potential members of the Settlement Class with tailored communications.

Purchasing display and mobile inventory programmatically provides the highest reach for internet publication, allows for multiple targeting layers, and causes banner advertisements to be systematically shown to persons most likely to be members of the Settlement Class.

16.     The internet campaign will implement multiple targeting layers to ensure that notice is delivered to the persons most likely to be members of the Settlement Class, inclusive of search targeting, demographic targeting, category contextual targeting, keyword contextual targeting, site retargeting, and purchase data targeting. This enables Angeion to utilize, for example, search terms that an individual has entered into web browsers (like Google), to deliver banner ads to individuals most likely to be members of the Settlement Class. Search terms, relevant to the Utz and Bachman brands and snack foods, will also be incorporated into the campaign parameters to drive relevant traffic. The digital media plan will further target users who are currently browsing or have recently browsed content in categories such as Food & Beverage, which will also help qualify impressions to ensure messaging is served to the most relevant audience. A focus will be placed on purchase data targeting the Utz and Bachman brands specifically. The purpose of such targeting is to ensure that likely members of the Settlement Class are exposed to the notice documents while simultaneously minimizing the chance that notice is misdirected to individuals who are unlikely to be members of the Settlement Class.

17.     The internet banner notice portion of the notice program will be implemented using a 4-week desktop and mobile campaign, utilizing standard Interactive Advertising Bureau ("IAB") sizes (160x600, 300x250, 728x90, 300x600, 320x50 and 300x50). A 3x frequency cap will be

imposed to maximize reach. The banner notice is designed to result in serving approximately 47,926,000 impressions.

## SETTLEMENT WEBSITE AND TOLL-FREE NUMBER

18. Angeion will create and maintain a neutral, informational Settlement Website with an easy to remember domain name (www.UtzSettlement.com) to inform potential Settlement Class Members of the terms of the Settlement, their rights, dates and deadlines relevant to the Settlement, and related information. The Settlement website will also include the following documents for Settlement Class Members to view and download: (i) the Long Form Notice (as described below); (ii) the Claim Form; (iii) the Settlement Agreement (including all of its Exhibits); (iv) the Preliminary Approval Order; (v) the First Amended Complaint filed in this matter; and (vi) any other information on how Settlement Class Members can opt-out of the Settlement if they choose. Class Members will also be able to file a Claim Form via the website, or download a paper Claim Form which can be submitted by mail. The Claim Form available on the Settlement Website will be substantially similar to the Claim Form attached as Exhibit 1 to the Settlement Agreement. The website address will be prominently displayed in all notice documents.

19. Angeion will establish a toll-free telephone number to inform potential Settlement Class Members of the terms of the Settlement, their rights, dates and deadlines relevant to the Settlement and accept Notice packet requests; receive and process Claim Forms, opt-out requests and objections; respond to Settlement Class Member inquiries; and perform other duties as specified in the Settlement Agreement.

## PLAIN LANGUAGE NOTICE DESIGN

20. The Notices themselves are designed to be "noticed," reviewed, and—by presenting the information in plain language—understood by Settlement Class Members. The design of the Notices follows the principles embodied in the Federal Judicial Center's illustrative

"model" notices posted at www.fjc.gov. Many courts, and as previously cited, the FJC itself, have approved notices that we have been written and designed in a similar fashion. The Notices contain plain language summaries of all the key information about Settlement Class Members' rights and options. Consistent with normal practice, all notice documents will undergo a final edit prior to actual publication on the Settlement Website for grammatical errors and accuracy.

21. Moreover, Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion applies the plain language requirement in drafting notices in federal and state class actions. Angeion maintains a strong commitment to adhering to the plain language requirement, while drawing on its experience and expertise to draft notices that effectively convey the necessary information to Settlement Class Members.

22. I have been involved in the drafting of the Notices. All forms of Notice are noticeable, clear, concise, and in plain, easily understood language. The Notices effectively communicate information about the Settlement.

23. In preparing the Notices in this Settlement, I have employed communications methods that are well-established in my field. I have embraced the high standards embodied in the Advisory Committee's notes accompanying the 2003 changes to Rule 23(c)(2): "The direction that the class-certification notice be couched in plain easily understood language is added as reminder of the need to work unremittingly at the difficult task of communicating with class members."

24. All Notices are designed to increase noticeability and comprehension. Once people "notice" the Notices, it is critical that they can understand them. As such, the Notices, as produced,

8

are clearly worded with an emphasis on simple, plain language to encourage readership and comprehension.

25. The Summary Notice and Class Notice will be posted on the Settlement Website and feature a prominent headline in bold text. This alerts readers that the Notice is an important document authorized by a court and that the content may affect them, thereby supplying reasons to read the Notice.

26. The Class Notice provides substantial information to Settlement Class Members. The Class Notice begins with a summary page providing a concise overview of the important information and a table highlighting key options available to Settlement Class Members. A table of contents, categorized into logical sections, helps to organize the information, while a question and answer format makes it easy to find answers to common questions by breaking the information into simple headings. The proposed Class Notice is attached as Exhibit 2 to the Settlement Agreement.

27. The proposed Notice plan in this Settlement satisfies the Rule 23 requirement that the best notice practicable under all circumstances be given to the class.

28. Angeion will process all timely and valid Claims submitted by Class Members, pursuant to criteria set forth in the Settlement Administration Protocol.

## COST OF NOTICE AND ADMINISTRATION

29. Angeion has agreed that all charges associated with the dissemination of Class Notice, as set forth in this Declaration, and administration of the Settlement will not exceed $350,000.00.

## RESPONSE MECHANISMS

30. The notice program will implement the creation of a case website, where members of the Settlement Class can view general information about this class action, review relevant Court

documents and view important dates and deadlines pertinent to the Settlement. The website will also have a "Contact Us" page whereby members of the Settlement Class can send an email with any additional questions to a dedicated email address.

31. A toll-free hotline devoted to this case will be implemented to further apprise members of the Settlement Class of the rights and options in the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide responses to frequently asked questions and provide important information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.

## REACH AND FREQUENCY

32. The notice program is designed to deliver 80% reach with an average frequency of 3.0 times each. The 80% reach does not include the informational website and toll-free hotline, which are not calculable in reach percentage, but will nonetheless aid in informing members of the Settlement Class of their rights and options under the Settlement.

## CONCLUSION

33. The notice program outlined above incorporates state of the art internet banner advertisement notice utilizing multiple targeting layers specifically targeting potential Settlement Class Members. The notice program is designed to reach 80% of the Class on average 3.0 times each.

34. Courts systematically rely upon reach and frequency evidence in reviewing class action notice programs for adequacy. The reach percentage and the number of exposure opportunities here, meet or exceed those approved in other similar class actions.

35. It is my opinion that the Notice Program provides class members Due Process of Law and is the best notice that is practicable under the circumstances and is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.

36. At the conclusion of the Notice Plan, Angeion will provide a final report verifying its effective implementation.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of February, 2017 at Coral Springs, Florida.

                                                       STEVEN WEISBROT

# Exhibit A

You may be eligible to receive up to $20 from a class action settlement involving certain **Utz® or Bachman®** products. Your rights may be affected. <u>Click here</u> for more infomation.

You may be eligible to receive up to $20 from a class action settlement involving certain Utz® or Bachman® products. Your rights may be affected. Click here for more information.

You may be eligible to receive up to $20 from a class action settlement involving certain **Utz®** or **Bachman®** products. Your rights may be affected.

<u>Click here</u> for more infomation.

You may be eligible to receive up to $20 from a class action settlement involving certain **Utz® or Bachman®** products. Your rights may be affected.
<u>Click here</u> for more infomation.



You may be eligible to receive up to $20 from a class action settlement involving certain **Utz®** or **Bachman®** products. Your rights may be affected. Click here for more information.

Case 1:14-cv-14744-DPW   Document 75-8   Filed 02/17/17   Page

You may be eligible to receive up to $20 from a class action settlement involving certain **Utz®** or **Bachman®** products. Your rights may be affected. Click here for more information.